IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**AARON PORTIS,**

    **Plaintiff,**

v.                                       Case No. 2:07-cv-00260

**ROBERT STONAKER,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

    This civil action is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

    On April 17, 2007, while Plaintiff was incarcerated at the South Central Regional Jail at Charleston, West Virginia, Plaintiff completed an Application to Proceed Without Prepayment of Fees and Costs (docket sheet document # 1). Plaintiff indicated that he had $500 in cash, but the certificate concerning his financial assets was not completed by the correctional facility's financial officer. Thus, the court was unable to determine whether Plaintiff had current assets sufficient to pay the filing fee of $350, or whether it was necessary for him to make partial payments. Thus, the first Application to Proceed Without Prepayment of Fees and Costs (# 1) was denied without prejudice.

Plaintiff was ordered to complete and file with the Clerk a new Application to Proceed Without Prepayment of Fees and Costs. However, at that time, Plaintiff was in transit to a federal correctional facility. The Clerk's Office ultimately determined that Plaintiff was incarcerated at FCI Sandstone, in Sandstone, Minnesota. According to the Federal Bureau of Prisons website, Plaintiff is still incarcerated at FCI Sandstone.

On October 11, 2007, the undersigned entered an Order directing Plaintiff to complete and file with the Clerk's Office a new Application to Proceed Without Prepayment of Fees and Costs and to execute two Authorizations to Release Institutional Account Information and to Pay Filing Fee. Plaintiff was further directed to provide one copy of the Authorization form to the appropriate official at his correctional facility, and to mail the other copy, along with his new Application to Proceed Without Prepayment of Fees and Costs, to the Clerk's Office by November 12, 2007. Plaintiff was advised that the failure to do so may result in the undersigned's recommendation to the presiding District Judge that Plaintiff's Complaint be dismissed without prejudice for failure to prosecute this civil action.

As of today's date, Plaintiff has not filed an executed Authorization form or a new Application to Proceed Without Prepayment of Fees and Costs. There is no indication that any mail sent to Plaintiff at FCI Sandstone has been returned to the court

as undeliverable.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has wholly failed to prosecute this civil action.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter without prejudice for failure to prosecute.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United

States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

<u>December 3, 2007</u>         *Mary E. Stanley*
          Date                  Mary E. Stanley
                                United States Magistrate Judge